UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BUMBLE, INC. SECURITIES LITIGATION | Civil Action No. 22-cv-624 (DLC) <br><br> <u>CLASS ACTION</u> |

# [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action entitled *In re Bumble, Inc. Securities Litigation*, Civil Action No. 22-cv-624 (the "Action"), is pending in this Court;

WHEREAS, lead plaintiff Louisiana Sheriffs' Pension & Relief Fund ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); (b) defendant Bumble Inc. ("Bumble"); (c) defendants Whitney Wolfe Herd and Anuradha Subramanian (collectively, the "Executive Defendants"); (d) defendants Ann Mather, Christine L. Anderson, R. Lynn Atchison, Sachin J. Bavishi, Matthew S. Bromberg, Amy M. Griffin, Jonathan C. Korngold, Jennifer B. Morgan, Elisa A. Steele, and Pamela A. Thomas-Graham (collectively, the "Director Defendants"); (e) defendants Blackstone Inc., BX Buzz ML-1 Holdco L.P., BX Buzz ML-1 GP LLC, BXG Buzz Holdings L.P., BXG Holdings Manager L.L.C., Blackstone Growth Associates L.P., BXGA L.L.C., BX Buzz ML-2 Holdco L.P., BX Buzz ML-2 GP LLC, BCP Buzz Holdings L.P., BCP VII Holdings Manager – NQ L.L.C., Blackstone Management Associates VII NQ L.L.C., BMA VII NQ L.L.C., BX Buzz ML-3 Holdco L.P., BX Buzz ML-3 GP LLC, BSOF Buzz Aggregator L.L.C., Blackstone Strategic Opportunity Associates L.L.C., Blackstone Holdings II L.P., Blackstone Holdings I/II GP L.L.C., BX Buzz ML-4 Holdco L.P., BX Buzz ML-4 GP LLC, BTO Buzz Holdings II L.P., BTO Holdings Manager L.L.C., Blackstone Tactical Opportunities Associates L.L.C., BTOA L.L.C., Blackstone Holdings III L.P., Blackstone Holdings III GP L.P., Blackstone Holdings III GP Management L.L.C., BX Buzz ML-5 Holdco L.P., BX Buzz ML-5

GP LLC, Blackstone Buzz Holdings L.P., BTO Holdings Manager—NQ L.L.C., Blackstone Tactical Opportunities Associates—NQ L.L.C., BTOA—NQ L.L.C., BX Buzz ML-6 Holdco L.P., BX Buzz ML-6 GP LLC, Blackstone Tactical Opportunities Fund—FD L.P., Blackstone Tactical Opportunities Associates III—NQ L.P., BTO DE GP—NQ L.L.C., BX Buzz ML-7 Holdco L.P., BX Buzz ML-7 GP LLC, Blackstone Family Investment Partnership—Growth ESC L.P., BXG Side-by-Side GP L.L.C., Blackstone Group Management L.L.C., and Stephen A. Schwarzman (collectively, the "Blackstone Defendants"); and (f) defendants Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Blackstone Securities Partners L.P., Evercore Group L.L.C., Jefferies LLC, RBC Capital Markets, LLC, BMO Capital Markets Corp., BTIG, LLC, Cowen and Company, LLC, Mizuho Securities USA LLC, Raymond James & Associates, Inc., Stifel, Nicolaus & Company, Incorporated, SMBC Nikko Securities America, Inc., AmeriVet Securities, Inc., C.L. King & Associates, Inc., Drexel Hamilton, LLC, Loop Capital Markets LLC, R. Seelaus & Co., LLC, Samuel A. Ramirez & Company, Inc., Siebert Williams Shank & Co., LLC, and Telsey Advisory Group LLC (collectively, the "Underwriter Defendants," and together with Bumble, the Executive Defendants, the Director Defendants, and the Blackstone Defendants, "Defendants," and with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement, dated March 27, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated April 14, 2023 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on August 8, 2023 (the "Settlement Fairness Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members for purposes of the Settlement.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 31, 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 28, 2023.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired the publicly traded Class A common stock of Bumble between September 10, 2021 and January 24, 2022, inclusive (the "Settlement Class Period"), directly in or traceable to Bumble's Secondary Public Offering of Bumble Class A stock, which closed on September 15, 2021, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and their Immediate Family Members, and each of their legal representatives, heirs, successors, or assigns; (ii) the Officers and directors of Bumble, the Blackstone Defendants, and the Underwriter Defendants during the Settlement Class Period and their Immediate Family Members, and each of their legal representatives, heirs, successors, or assigns; (iii) the subsidiaries of Bumble, the Blackstone Defendants, and the Underwriter Defendants; and (iv) any entity in which Defendants or any other excluded persons or entities, have or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Investment Vehicle means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants or any other excluded persons or entities, or any of them, have, has, or may have a direct or indirect interest, or as to which his, her, or its affiliates may act as an investment advisor, but in which any Defendant or any other excluded person or entity alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

4.      **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund as Class Representative for the Settlement Class and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class.  The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of

(i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.

7.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length involving an experienced mediator; (c) the relief provided for the Settlement Class under the Settlement is fair, reasonable, and adequate taking into account the costs, risks, and delay of litigating this Action through discovery, summary judgment, trial, and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement,

perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves and their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from directly or indirectly

commencing, instituting, participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or any other forum, asserting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiff's Claims (as that term is defined in paragraph 1(jj) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from directly or indirectly commencing, instituting, participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or any other forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(ii) of the Stipulation).

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the

9

Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

       (c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

      14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the settlement of this Action.

      15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

      16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the

Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or if the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on February 6, 2023, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____ 2023.

                                                   _____
                                                   The Honorable Denise L. Cote
                                                   United States District Judge

**Exhibit 1**

**List of Persons Excluded from the Settlement Class Pursuant to Request**

| **Name** | **City, State/Country** |
|---|---|
| 1. Hammami Semi | Cuarnens, Switzerland |
| 2. Angela Nagele | New York, New York |