# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BUMBLE, INC. SECURITIES LITIGATION | Civil Action No. 22-cv-624 (DLC) <br><br> <u>CLASS ACTION</u> |

## NOTICE OF LEAD PLAINTIFF'S MOTION FOR <u>APPROVAL OF DISTRIBUTION PLAN</u>

TO:   All Counsel of Record

PLEASE TAKE NOTICE that in accordance with Federal Rule of Civil Procedure 23(e) and this Court's Order Approving Plan of Allocation of Net Settlement Fund (ECF No. 90) and Judgment Approving Class Action Settlement (ECF No. 91), Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund ("Lead Plaintiff"), on behalf of itself and the Settlement Class, will and does hereby move this Court for entry of the accompanying [Proposed] Order Approving Distribution Plan ("Class Distribution Order"). In further support of this motion, Lead Plaintiff submits (i) the Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Approval of Distribution Plan ("Segura Declaration") submitted on behalf of the Court-approved Claims Administrator, JND Legal Administration ("JND"); (ii) the Memorandum of Law in Support of Lead Plaintiff's Motion for Approval of Distribution Plan; and (iii) all other papers and proceedings herein.

Among other things, the Class Distribution Order would: (i) approve the administrative determinations of JND accepting and rejecting Claims submitted in connection with the Settlement reached in the above-captioned Action; (ii) direct the distribution of the Net Settlement Fund to Claimants whose Claims are accepted by JND as valid and approved by the Court ("Authorized Claimants"), while maintaining a Reserve for any tax liability or claims administration-related contingencies that may arise; (iii) direct that distribution checks state that

the check must be cashed within 90 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (v) approve the recommended plan for any funds remaining after the distribution; (vi) approve JND's fees and expenses incurred and estimated to be incurred in the administration of the Settlement; (vii) release claims related to the administration process; and (viii) authorize the destruction of Claim Forms and supporting documents at an appropriate time.

There are no disputed Claims by any Settlement Class Member requiring Court review. Pursuant to the terms of the Stipulation, Defendants have no interest in the relief sought by the motion. Further, Defendants' Counsel was given an opportunity to review the motion and informed us that Defendants take no position. Accordingly, Lead Counsel respectfully submits that the motion is ripe for consideration by the Court and may be decided on the papers.

|  |  |
|---|---|
| Dated:  June 10, 2025 | Respectfully submitted,<br><br>**BERNSTEIN LITOWITZ BERGER<br>  & GROSSMANN LLP**<br><br> */s/ Jeremy P. Robinson*<br>Salvatore Graziano<br>Jeremy P. Robinson<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>salvatore@blbglaw.com<br>jeremy@blbglaw.com<br><br>*Lead Counsel for Lead Plaintiff and the Settlement Class*<br><br>KLAUSNER, KAUFMAN, JENSEN &<br>  LEVINSON, P.A.<br>Robert D. Klausner<br>Stuart A. Kaufman<br>7080 Northwest 4th Street<br>Plantation, FL 33317<br>Telephone: (954) 916-1202<br>Facsimile: (954) 916-1232<br>bob@robertdklausner.com<br>stu@robertdklausner.com<br><br>*Additional Counsel for Lead Plaintiff* |